ACCEPTED
06-14-00221-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
7/22/2015 2:39:48 PM
DEBBIE AUTREY
CLERK

No.06 -14-00221-CR

**COURT OF APPEALS
SIXTH DISTRICT OF TEXAS
TEXARKANA**

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

7/22/2015 2:39:48 PM

DEBBIE AUTREY
Clerk

**Brian Woodard**
*Appellant*

vs

**The State of Texas**
*Appellee*

_____

APPEAL FROM THE 254TH DISTRICT COURT OF HUNT
COUNTY, TEXAS
RICHARD BEACOM, PRESIDING
_____

# REPLY BRIEF OF APPELLANT
_____

Charles E. Perry
State Bar No. 15799700
1101 Main Street
P.O. Box 720
Commerce, Texas 75429
Tel. 903-886-0774
Fax. 903-886-2043
Cell. 940-613-8439
**Attorney for Mr. Woodard**

## IDENTITY OF PARTIES AND COUNSEL

**APPELLANT:**
BRAIN  EUGENE WOODARD
BUSTER COLE UNIT, 3801 SILO ROAD ROAD
BONHAM, TEXAS 75418


**ATTORNEY FOR APPELLANT**

On Appeal:

Charles E. Perry
State Bar of Texas No. 15799700
1101 Main Street
Commerce, Texas 75429


**ATTORNEY FOR THE STATE OF TEXAS**


Kelli M. Aiken
Assistant District Attorney Hunt County
2500 Lee Street,
Greenville, Texas 75440

# Table of Contents

Identity of parties and counsel…………………...................................................ii
Table of Contents……………………………………………………………………iii
Index of Authorities……………………………………………………………….iv
I.Statement of the Case………………………………………………………….1

II.Statement Regarding Oral Argument………………………………………………1

III.Issues Presented……………………………………………………………. 1-2

IV.Statement of Facts……………………………………………………………….2

V.Summary of the Argument…………………………………………...………………3&4

VI.Argument and Authorities…………………………………………………………4

1. The trial court committed reversible error in admitting and considering the testimony of trooper Zane Rhone with respect to the stop and search for drugs after he finished or should have finished his duties with respect to the traffic citation for which the Appellant was stopped.
2. The trial court committed reversible error in admitting the testimony of trooper Zane Rhone with respect to the stop and search for drugs since there was no probable cause to stop the Appellant and the automobile the Appellant was driving.

VII. Conclusion and Prayer………………………………………………...……………..13

Signature………………………………………………………………….… 13

Certificate of Service………………………………………………………………..……..…13

**Index to Authorities**

*Cases*:

Caballas v. United States, 405 U.S. 405(2005)……………………………..…4,5,8
Delaware v.Prause, 440 U.S. 675 at 686…………………………………….5,6,7,8
Florida v. Royer, 460 U.S. 491, 500 (1983)……………………………………4
Ford v. State, 158 S.W.3d 488(Tex.Crim.App.2005)……………………...…9
Garcia v. State, 43 S.W. 3d 529, 530……………………………………10,12
Maryland v. Pringle, 540 U.S. 371(2003)……………………………10.12
Rodriguez v. United States, 575 U.S. 1609 (2015)……………………..3,4,6,7,8
Terry v. Ohio, 392 U.S. 1(1968……………………………………………4
United States v. Sharp,470 U.S. 675 at 686………………………...…4,5
United States v. Smith, 799 F.3d 704, 708(11th Cir.1986)………………...6,10

*Statutes*:

Ohio Revised Code section  4501;4503.19-22;4513.02………………………4,9,11
Texas Transportation Code section 545. 062………………………………...… 9
         504.945…………………….....…………………………………………..2

*United States Constitution*
Article IV section 1-Full Faith and Credit Clause…………………………4,10
Fourth Amendment-Unreasonable Search and Seizure……………………6

**I.      STATEMENT OF THE CASE** This case involves Brian Eugene Woodard who was charged and indicted with the felony offense of possession of a controlled substance, namely cocaine, in an amount of 400 grams or more .(CR 8). He was tried before the 254th District Court of Hunt County, Texas without a jury beginning on October 20, 2014, 2014(See RR, V1-8). He was found guilty and sentenced to 40 years in the Institutional Division of the Texas Department of Criminal Justice on December 4, 2014. (CR 93-96). At trial, the defense raised and completed the requirements for a necessary defense. The trial judge denied this request. This appeal follows.

**II.     STATEMENT REGARDING ORAL ARGUMENT**

The Appellant does not request Oral Argument.

**III.    ISSUES PRESENTED**

The issues presented for review are:

1.The trial court committed reversible error in admitting and considering the testimony of officer Zane Rhone with respect to the stop and search for drugs after he finished or should have finished his duties with respect to the traffic citation for which the Appellant was stopped.

2.The trial court committed reversible error in admitting the testimony of officer

1

Zane Rhone with respect to the stop and search for drugs since there was no probable cause to stop the Appellant and the automobile Appellant was driving.

## IV. STATEMENT OF THE FACTS

Trooper Zane Rhone was working on I-30 in Greenville, Hunt County, Texas when he first observed the Appellants car. (RR8/, p.11/19-25; p.12/1-25)The Appellant was stopped by DPS trooper Zane Rhone for following to close and not being able to read the name of the State on the license plate (RR8/ p. 12/21-25;p.13/1-4;13/5-12. Trooper Rhone testified the law prohibits more than half of the name of the state from being obscured.(RR8/ p. 13/17-22). Trooper Rhone testified that the Appellant was following to close to come to a stop to keep from colliding.(RR8/ p.13/23-25;p.14/1-2;14/3-25) His testimony placed the Appellant at 40 feet from the car in front when it should have been 157 feet.(RR8/ p. 16/1-5). Officer Rhone testified later that there was nothing in his official report about stopping the Appellant for following to close to the car in front.(RR8/p.65/22-25;p. 66/1-5; p.66/6-14). Trooper Rhone testified that while he was on the side of the road he did not observe the Appellant following to close or his license plate being obstructed. (RR8/ p.62/7-22).*Texas Transportation Code* sec.504.945. He testified that he started up after the Appellant because he was curious as to two clean cars that did not have Texas plates.(RR8/, 63/2-9). He testified that when he pulled on to the

road because the car was clean this was not probable cause to stop the Appellant(RR8/.p.79/17-25; 80/1-6).When trooper Rhone stopped the Appellant he could smell air freshner and the car was clean (RR8/ p.17/16-22;18 p.18/2-5). His testimony was that after the stop he could see that the plates were from Ohio (RR.8/ P.16 /15-21. Trooper Rhone testified that the Appellant said that the license plate bracket came from the dealer the way it was.(RR8/ p. 51/5-25; 52/1-5). Appellant grandfather Mack Woodard testified that he bought the car in 2013 and that the license plate frame came from the dealership where it was installed.(RR8/. p. 101/ 2-25).

While talking to the Appellant trooper Rhone testified that he was getting his warning started.(RR8/. p. 25/ 11-15). Officer Rhone had testified while talking to the Appellant he told the Appellant that he would get a warning but he said at that time he had not written the warning.(RR8/ p.20/15-180).

**V.SUMMARY OF THE ARGUMENT**

**A.** The Appellant was detained and question beyond the reasonable time it should have taken to issue a warning ticket for what the Texas Department of Public Safety said Appellant was in violation of traveling to close to the car in front and an obstructed license plate under Texas law and thus any and all contraband as a result of the stop and search should have been suppressed. *Rodriquez* v. *United States*, 575 U.S. 1609(2015)

**B.** The Appellant had the right to proceed down Interstate 30 in Hunt County, Texas free from a stop by the Texas Department of Public Safety since the State of Texas should recognize *Ohio Revised Statutes* 4501 et. seq. which allows and does not prohibit the type of bracket placed on the vehicle Appellant was driving by the dealer and used to secure the Appellants Ohio license plate under Article 4 section 1 of the "*full faith* and *credit* clause" of the United States Constitution. The stop of the Appellant was unreasonable and pretextual.

## VI.  ARGUMENT AND AUTHORITIES

**A.**  The court erred in admitting and considering the evidence of the search as well as the contraband. The stop in the instant case was much like the stop in *Terry* v. *Ohio*, 392 U.S. 1 (1868). In the case at bar we are dealing with the tolerable duration of a police inquiry in a traffic stop context as determined by the seizure's mission—to address the traffic violation that warranted the stop. *Caballes*  v. *United* States, 405 U.S. 405 at 407. *In United States v. Sharp,*470 U.S 675,685(1985); *Florida* v. *Royer*, 460 U.S. 491,500(1983). This is where the scope of the detention must be carefully tailored to the underlying justification. This is only because the purpose of the stop may last longer than necessary to effectuate the purpose. This was not done in the case at bar. The stop and lengthy detention

4

was what *Caballes* tries to prevent. Trooper Zane Rhone of the DPS when talking to the Appellant told the Appellant he would be getting a warning but had not yet written out the warning.(RR.8/ p. 20/15-18). Later while talking to the Appellant trooper Rhone got the warning started.(RR. p. 11-15). Trooper Rhone had ample time to complete the warning but did not do so. The authority for trooper Rhone seizure of the contraband ended before he searched and seized the contraband because of his delay in completing the task incident to the issuance of the traffic warning ticket. The case at bar is similar to where the court said in *United States* v. *Sharp*,470 U.S. 675 at 686 where the court said that the authority for the seizure ends when the tasks tied to the traffic infraction are—or reasonably should have been completed. The fact that officer Raine noticed that the car was clean of smelled of air freshner (RR8/ p.17/15-22;p.18/ 2-5) does not justified a prolonged stop time wise. Trooper Rhone admitted so as he pulled onto the road when he saw the Appellant's vehicle.(RR8/ p. 79/17-25); 80/1-6). The court laid out in *Caballes*, 543 U.S. at 408 that beyond determining whether to issue a traffic ticket, an officer's mission includes "ordinary inquires incident to the traffic stop. These were set out in *Delaware* v. *Prause*, 440 U.S. 648, 659-660(1979) and included inquires involving checking driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance.  In the case at bar all this was done and there

was no reason or probable cause for delay to justify a search and seizure of contraband. For these reasons the contraband evidence should have been suppressed and not admitted into evidence and considered by the court under the 4th Amendment to the United States Constitution as well as the case of *Rodriguez* v. *United States*, 575 U. S. 1609(2015).

Both State and Appellant have cited *Rodriguez* v, *Untied States*, 135 S. Ct. 1609 and this case sheds light on the instant case. As set out in the state's brief citing *Rodriguez* at 1615 the court sets out four prongs that measure the legality of a traffic stop with respect to the time length and the necessity of issuing a ticket and addressing safety concerns.

See *Delaware* v. *Prouse*, 440 U.S. 648, 658-660(1979).**1**. Trooper Rhone could have issued a warning or violation ticket had he chose to do so **2**.He checked the drivers license and identification **3**. He easily had time to verify the registration and insurance and **4**. He had time to determine if the Appellant or other occupant had outstanding warrants which they did not.

Just because the occupant had a record (Appellant misdemeanors only) with no outstanding warrants did not give Trooper Rhone the right to go further. This would be true even after Trooper Rhone went further and found a .22 caliber pistol in the glove box. The pistol was not open and obvious and the Appellant was not prohibited from carrying a pistol because he was not engaged in any illegal

activity that was known to Trooper Rhone and was travelling. Trooper Rhone said that he could not place gun with Appellant as the gun was in the glove box and Appellant was away from the vehicle when the gun was found.(RR8/ p. 69 lines 23-25 and p. 70 lines 1-24). He also said that a person who is traveling had a right to carry a firearm as long as he is not a convicted felon  (RR 8/ p. 71 Lines 14-25)

Appellant urges upon the court that the case at bar is a timing case much like *Rodriguez*. While speaking with Appellant early on, trooper Rhone starting writing a warning ticket while waiting on a return from dispatch.. He recieved partial information back from dispatch during this conversation with Appellant.(RR8/ p. 25 lines 10-17)

The return from dispatch did not contain information under the doctrine laid down in *Delaware* v. Prouse, 440 U.S. 648, 650-660(1979) that would warrant trooper Rhone from going further.(vehicle occupant Mr. Person was a convicted felon but there was no warrants on him).

**So as to measure** the time line of the stop we can look at a line of questioning by the state during the redirect examination of trooper Rhone. The state ask trooper Rhone a line of questions with respect to Appellants alleged obstructed license plate and how many times he mentioned the obstructed plate in The case at bar is a case that squares with *Rodriguez* and is just like Rodriguez, a time and delay case even though *Rodriguez* was a delay for a drug dog. The instant

7

case falls under Rodriguez and the time restraints *Rodriguez* places on such cases after the four prongs are satisfied and not delayed.

In order to evaluate the time the Appellant is urging upon the court we can look at the times testified to by trooper Rhone with respect to the video(Exhibit 3).(RR/8 p. 77 lines 2-17). Those times were 1:15, 1:35, 2:04, 2:15, 2:34 and 6:00 (RR/8 p. 77 lines 21-25 and p. 78 lines 1-3). The stop and detention is what the holding in *Caballas* tries to prevent when the court held a traffic stop "can become unlawful if it is prolonged beyond the time reasonably required to complete the mission of issuing a warning ticket.

In summary there is no evidence with respect to the four prongs set out above in *Callallas* and cited recently in *Rodriguez* , found in the facts of the instant case to justify the time delay found here beyond the time to write the traffic ticket.

**B.** The Appellant was stopped by DPS trooper Zane Rhone for following to close and not being able to read the name of the state on the license plate(RR8/ p.12/21-25;p. 13/1-4;13/ 5-12. Officer Rhone testified that the Appellant was following to close to keep to come to come to a stop from colliding.(RR8/ p. 13/23-25; p.14/1-2; 14/3-25.His testimony placed the Appellant at 40 feet from the car in front when it should have been 157 feet(RR p.16/1-5.However trooper Rhone further testified that there was nothing in his official report of the incident at bar about the Appellant following to close to the car in front(RR8/ p.65/ 22-25; p.66/1-5;66/ 6-

14). He also testified that while he was on the side of the road he did not observe the Appellant following to close or his license plate being obstructed.(RR8/ p. 62/7-22). The state therefore did not sustain their burden with respect to following to close as probable cause to stop the Appellant under *Texas Transportation Code* section 545.062. In *Ford* v *State,* 156, S.W.3d 488 (Tex. Crim. App. 488, 493-494) the court held that there had to be more than such statements of conclusion in order to justify a stop for the reason of following to close.

Trooper Rhone testified that he started up to follow the Appellant because he was curious as to two clean cars that did not have Texas plates.(RR p. 63/2-9). The officer testified further that he pulled upon the road because the car was clean but this was not probable cause to stop the Appellant (RR8/ p. 79/ 17-25; 80/1-6). The officer went on to testify that after pulling the Appellant over he could see that the license plate was OHIO. According to trooper Rhone the Appellant told him that the license plate holder plate came the way it was from the dealer.(RR8/p.51/5-25; 52/1-5). Appellants grandfather Mack Woodard confirmed this by testifying that the license plate frame came from the dealer where it was installed.(RR8/p.101/ 2-25). Under *Ohio Revised Statutes* sections 4501; 4503.19-22;4513.02 there are no obstructive plate restrictions on Ohio license plates dealing with holder or frame and the Ohio law was complied with at the dealership(RR8/ p.51/5-25;52/1-5). When considering the evidence from Trooper Rhone as well as the Appellants

grandfather Mack Woodard the Appellants argues that the state of Texas should be obligated to follow Ohio law under the "*full faith* and *credit clause*" of the United States Constitution. In determining when an investigative stop is unreasonably pre-textual, the proper inquiry is not whether the officer could validly have made the stop but whether the officer under the same circumstances a reasonable officer would have made the stop in the absence of an invalid purpose. *United States* v. *Smith*, 799 F2d 704, 708( 11th Cir. 1986).When the testimony and reasoning of trooper Rhone is considered in its entirety the stop is and was pretextual and thus unreasonable.

**The State cites** the doctrine laid down in *Maryland* v. *Pringle*, 540 U.S. 371(2003) that espoused the objective view of the "totality of the circumstances" when viewing the circumstances of a law enforcement officer when making an arrest.. This is a good step in evaluating the circumstances of the instant case. Next the state lays out the doctrine of reasonable suspicion "that criminal activity will occur shortly. *Garcia* v. *State*, 43 S.W. 3d 529, 530.

These two cases place a burden on the state that does not seem to be met with respect to the facts of the case at bar.

We look at the two reasons stated by Trooper Rhone for the justification for the stop of the Appellants vehicle. Trooper Rhone testified that Appellant was following to close.(RR/8 p. 12, lines 5-17 and 55-66). Interstate 30 through Hunt

10

County is very congested and vehicles stack up close including trucks and this situation could be aggravated by the truck traffic passing each other and cars lined up trying to get through. Trooper Rhone could stop nine out of 10 vehicles for something because of the congested mess at times. *Ford* v. *State*, supra. told us that a statement of conclusion such as following too closely does not justify a stop without more.

**The next prong** for the justification of the stop by Trooper Rhone was the partial cover of the license plate. Trooper Rhone did not size the Appellants license plate after the stop (RR8/ p.66 lines 21-22).

Appellant begs the court's indulgence but will again reiterate the *Ohio Revised Statutes* 4501; 4503; 19-22; 4513:02 that covers the situation with respect to where the Appellants vehicle was bought, registered and titled. This state does not preclude a partial covering of the plate by a license plate cover. Every state gives full faith and credit to sister states vehicle license laws because there is such a variance from state to state. As set of above the buyer of the appellants vehicle his grandfather testified that the cover and plate came that way from the dealer.(RR8/p. 51 lines 5-25 and p. 52 lines 1-5).

Trooper Rhone admitted that even thought Texas requires a front license plate may sates do not and he does not pull such vehicles over when they do not display a

front plate, thus giving full faith and credit to these sister state's license plate laws.(RR8/ p. 74 lines 11-15; p. 75 lines 1-25 and p. 76 lines 1-13).

As experienced and good a law enforcement officer is as Trooper Rhone is, these facts would not seem to justify a stop under the facts he laid out on Interstate 30 in Hunt County under both *Pringle* and *Garcia*, supra.

The search for contraband after the stop began with the observations laid out by the state in their brief. Trooper Rhone and his experience with the cleanliness and smell of  freshness vehicles as applied to the Appellants vehicle. (RR8/ p. 12, lines 5-17 and p 18, lines 2-16)

Suppose there were two elderly gentlemen with gray hair travelling on Interstate 30 in Hunt County, Texas with out of state plates and the vehicle was extremely clean and smelled of air freshness would Trooper Rhone have drawn the same suspicions as he set out in his testimony (RR8/ p. 10, lines 12-19). Saying further Appellant would show that trooper Rhone testified that the subject vehicle was brand new (RR8/ p.16 lines 6-10).Brand new vehicles are clean and have freshners.

The Appellant notes that there was no narcotics found on the person of Appellant or other occupant of Appellants vehicle on in the passenger compartment but the contraband that was found under the air intake filter cover that I under the hood in the engine compartment.(RR8/ p. 33 line 25 and p. 34 line 1.)

**VII**.

**Conclusion and Prayer**

For the reasons stated in the Appellants Brief the Appellant requests this Court to

REVERSE the conviction and sentence of the defendant Brian Woodard and order

an acquittal or in the alternative remand the case to the trial court for a new trial.

Respectfully submitted,

By:/s/Charles E. Perry
1101 Main Street
Commerce, Texas 75428
State Bar No. 15799700
Tel:903-886-0774
Fax:903-886-2043

CERTIFICATE OF COMPLIANCE WITH T.R.A.P.9.4(1)(3)

Relying on Microsoft Word count feature used to create the Reply Brief of the Appellant, I certify that the number of words contained in this brief is 3505 and the typeface used is 14 font.

Certificate of Service

I certify on the 22nd day of July, 2015, a true and correct copy of the foregoing was delivered by email and to counsel for the state of Texas, Hunt County District Attorney's Office at the Hunt County Courthouse located at 2500 Lee Street in Greenville, Hunt County, Texas by Charles E. Perry, Counsel for the defendant Brian Woodard.

/s/ Charles E. Perry